James R. Hawkins, Esq. SBN 192925
Isandra Fernandez, Esq. SBN 220482
**JAMES JH  HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiffs, DONALD GARCIA and JESUS JIMENEZ on behalf of
themselves and all others similarly situated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GARCIA and JESUS JIMENEZ, on behalf of themselves and all others similarly situated <br><br> Plaintiffs, <br><br> vs. <br><br> ROADLINK USA PACIFIC, LLC, a Delaware limited liability company; ROADLINK USA NATIONAL, LLC, a Delaware limited liability company, ROADLINK WORKFORCE SOLUTIONS, LLC a Delaware limited liability company and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 8:11-cv-00445 DOC (AJWx) ASSIGNED FOR ALL PURPOSES TO JUDGE: Hon. David O. Carter <br><br> **REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** <br><br> **Date: May 16, 2011** <br> **Time:  8:30 a.m.** <br> **Courtroom: 9D** |

- 1 -

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................ 2

II.    ARGUMENT ............................................................................. 4

    A.    Plaintiff And Defendant Thoroughly Met and Conferred Prior To Filing
          The Instant Motion And It Therefore Should Not Be Dismissed .......... 4

    B.    The Legal Certainty Standard Applies….. ............................................. 5

    C.    Defendants Have Not Established By A Preponderance Of The
          Evidence Or With Legal Certainty That The Jurisdictional Amount Is
          Met          .............................................................................. 7

        1. Defendant's Calculations of Maximum Statutory Penalties Under
        Labor Code Sections 203 and 226 Are Based On Unsupported
        Assumptions .......................................................................................... 9

            a. Waiting Time Penalties ................................................................ 9
            b. Wage Statement Penalties .......................................................... 10

        2. Defendants'Calculations Of Rest Meal, Overtime Claims And
        Attorney Fees Are Based  On Speculative Variables Unsupported By
        Allegations In The Complaint Or By Evidence  ................................. 11

            a. Rest and Meal Period Claims ..................................................... 12
            b. Overtime Claim Calculations ..................................................... 14

        3. Defendant's Attorneys Fees Calculations Is
          Unsubstantiated ................................................................................ 15

    D.    California District Courts Disagree As To Whether
          Defendant May Assume Certain Variables In The Calculation of
          The Amount In Controversy ............................................................ 15

III.   CONCLUSION .......................................................................... 17

# TABLE OF AUTHORITIES

## CASES

*Abrego v. The Dow Chemical Co.*,
    443 F.3d 676 (9th Cir. 2006)...........................................6 ,16,17

*Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc.*,
    No.09-cv-2140-PSG, 2009 WL 3346784
    (C.D. Cal. Oct. 13, 2009) ..................................................5

*Alvarez v. Limited Express, Ltd*. 2007
    WL 2317125 (S.D. Cal.  Aug. 8, 2007) ..........................12,14,16

*Campbell v. Vitran Express, Inc*.
    WL 4971944(C.D. Cal. August 16, 2010) ...............................7,9,10,11,13

*Dupre v. Gen. Motors*,
    CV-10-00955- RGK EX, WL 3447082
    (C.D. Cal. August 27, 2010) ...............................................9,11,16

*Galt G/S v JSS Scandinavia*
    142 F.3d 1150 (9th Cir. 1998) ....................................15

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992). ...........................................3,8,17

*Ghazali v Moran* 46 F. 3d. 52
    (9th Cir. 1995) ..............................................................5

*Green v Staples Contract and Commercial, Inc*.
    WL 5246051 (C.D. Cal 2008) ......................................13

*Guglielmo v. McKee Foods Corp*.,
    506 F. 3d 696 (9th Cir. 2007) ....................................6,7

*Hunter v Phillip Morris, USA*
    582 F. 3d 1039, 1042 (9th Cir. 2009.........................8

*Johnson v  U.S. Vision, Inc*. WL 674750
      (9th Cir. February 24, 2011 ............................................................ 11

*Korn v Polo Ralph Lauren Corp.*(
      536 F. Supp. 1199, 1205 (E.D. Cal. 2008) ................................... 8

*Law Offices of Matthew Higbee v Expungement Assistance Servs.*,
      WL2984048  (C.D. Cal. Sept.14, 2009 ...................................... 14

*Levine v. Big USA Inc.,*
      WL 2406807 (S.D. August 20, 2007) ........................................... 8

*Lowdermilk v. U.S. Bank National Ass'n,*
      479 F.3d 994 (9th Cir. 2007) ...........................................5,6,7,11,17

*Martinez v Morgan Stanley & Co.,*
      09CV 2937 L(JMA) 2010 WL 3123175........................... 10,13,16

*Neung Kang v. PB Fastners,*
      268 F. Appx. 545, 548 (9th Cir 2008) .......................................... 5

*Paul, Johnson, Alston & Hunt v. Graulty*
886 F.2d 268 (9th Cir 1989). ........................................................ 15

*Pereira v. Gate Gourmet, Inc*. No. 08-07469
      (C.D. Cal. April 30, 2009 )WL 1212802 ............................... 9,10,11

*Sanchez v Monumental Life Insurance Co*.,
      102 F. 2d. 398, 404 (9th Cir. 1996).  ........................................... 7

*Six (6) Mexican Workers v. Arizona Citrus Grower*s ,
904 F.2d 1301 (9th Cir 1990) .................................................... 15

*Smith v. Brinker Intern, Inc*.
      C10-0213 VRW WL 1838726, (N.D.Cal. May 5, 2010) ......... 16

*Valdez v Allstate Ins. Co*.,
      372 F.3d.1115, 1117 (9th Cir. 2004) .......................................... 8

*Valdovinos v. County of Los Angeles*,
      No. 06-cv-7580-JVS, 2008 WL 2872648, (C.D. Cal. July 23, 2008) ......... 5

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION TO REMAND

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir 2002) ................................................................. 15

# **STATUTES**

28 U.S.C. §1332(d) ("CAFA") ................................................................... 2

28 U.S .C. §1447(c) ..................................................................................... 2

Cal. Lab. Code § 203 .................................................................................. 9

Cal. Lab. Code § 226 ................................................................................ 10

Cal. Lab. Code § 226.7 ............................................................................. 12

## **LOCAL RULES**

California Local Rule 7-3 .......................................................................2-4

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION TO REMAND

Plaintiffs, Donald Garcia and Jesus Jimenez, do hereby submit their Reply to Defendants Roadlink USA Pacific, LLC ("Roadlink Pacific"); Roadlink USA National, LLC ("Roadlink National") and Roadlink Workforce Solutions, LLC ("RWS") (hereinafter collectively referred to as "Defendants" )Opposition to Plaintiffs' Motion To Remand.

## I.   **INTRODUCTION**

Despite the arguments and unsubstantiated contentions proffered in support of their Opposition To Plaintiffs' Motion To Remand, Defendants still fail to carry their burden of proof regarding subject matter jurisdiction in this matter. Defendant have failed to do so with "legal certainty" which Plaintiff contends is the applicable standard in this matter and also under the less stringent "preponderance of the evidence" standard. Specifically,  Defendants do not offer any evidence to support the speculative estimates which they set forth in their Removal Notice in attempts to establish that the amount in controversy meets the 28 U.S.C. § 1332(d) Class Action Fairness Act ("CAFA") jurisdictional threshold amount of over $5 million.

 Instead, in their Opposition, Defendants argue that the instant motion should be dismissed because Plaintiffs' counsel failed to comply with local rule 7- 3 by meeting and conferring with Defendants' counsel 3 days before filing the instant motion instead of the requisite 5 and/or 10 days[1]; this despite the fact that Plaintiffs' counsel met and conferred with two of Defendants' counsel regarding the substance of the instant motion to the expressed satisfaction of Defendants' counsel. (Fernandez Supp. Decl. ¶ 3)  Plaintiffs' counsel also apprised

---

[1] Although arguably the remand motion based on subject matter jurisdiction may be brought at any time, out of an abundance of caution, Plaintiffs filed the instant motion in accordance with 28 USC §1447 (c)on the 30th day after notice of removal as required by statute. Plaintiff's counsel also apprised Defendant's counsel of this fact during their meet and confer discussion. (Fernandez Supp. Decl.¶ ¶2,3)

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants' counsel of the date in which the instant motion would be filed and did not receive any objections from Defendants' counsel regarding the filing date. *Id*. Further, as Defendants acknowledge in their Opposition, this remand motion based on lack of subject matter jurisdiction may be brought at any time. (Def. Opp. p.3 fn 4) Therefore,  Defendants' request that this motion be dismissed on procedural grounds, only to be immediately re-filed again, for failure to comply with the form of Local Rule 7-3 is disingenuous under the circumstances and only serves to momentarily distract from the merits; the fact that Defendants have not carried their burden, under any standard, in establishing that this court has subject matter jurisdiction.  As discussed in more detail below, Defendants do not provide sufficient evidence to support of their contention that the amount in controversy is in excess of the jurisdictional minimum under CAFA.

The burden of establishing jurisdiction rests with Defendants which are also in the best position to provide evidence regarding their policies, practices, hours and wages of their non exempt employees demonstrating  to a legal certainty or, assuming *arguendo* that the preponderance of the evidence standard applies, that it is more likely than not, that the variables set forth in their calculations are accurate and not mere speculation.  In their Notice of Removal Defendants have not done so. The variables that Defendants use in their damages calculations remain speculative and unsupported by any factual evidence. In support of their position Defendants cite to cases and court decisions which have relied on calculations that use assumed variables where the complaint did not provide a basis for a clear calculation.   Yet, Defendants seemingly ignore the case law and decisions rendered by other courts including the Central District which have ruled otherwise.

In sum, Defendants' Removal and Opposition ignore the established precedent in the Ninth Circuit which favors a strong presumption against removal

- 3 -

jurisdictional.  "Federal jurisdiction must be rejected if there **is any doubt** as to the right of removal in the first instance." (emphasis added)  *Gaus v Miles*, 980 F. 2d 564, 566 (9th Cir. 1992). The calculations proffered by Defendants in support of  removal are based in large measure on speculative variables and thus do not obviate any doubt as to the amount in controversy.  Therefore, Defendants have not carried their burden of proof in establishing  that removal is proper under any standard.  As such, this case should be remanded back to state court.

## II.   ARGUMENT

### A.   Plaintiff And Defendant Thoroughly Met and Conferred Prior To Filing The Instant Motion And It Therefore Should Not Be Dismissed

Plaintiffs' counsel met and conferred with two of Defendants' counsel on April 15, 2011 prior to filing the remand motion on April 18, 2011.  Plaintiff's counsel first discussed the basis for the instant motion with Defendants' counsel Chris McNatt and informed him of the anticipated filing date of the remand motion. (Fernandez Supp. Decl. ¶ 2 )Later on that same day, Plaintiff's counsel received an email communication from another of Defendants' counsel, Jay Taylor, briefly discussing a certain topic relating to the instant motion and requesting that Ms. Fernandez contact him. *Id*. Mr. Taylor also stated that failure to do so prior to filing the instant motion would result in Defendants objection to said motion based on merits and failure to comply with Local Rule 7-3. *Id*. Upon receipt of said email, Ms. Fernandez contacted Mr. Taylor and engaged in another meet and confer discussion regarding the basis for the instant motion. (Fernandez Supp. Decl. ¶ 3 ) At the end of their discussion, in response to Ms. Fernandez's enquiry, Mr. Taylor confirmed that, despite not reaching an agreement, they had satisfactorily met and conferred. *Id*. In other words, there is nothing left to discuss regarding the instant motion.

- 4 -

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Yet, now Defendants request that this motion be dismissed for failure to comply with Local Rule 7-3 because the meet and confer discussion did not take place 5 or 10 days prior to filing.  In attempts to support their position, Defendants cite to cases which are distinguishable and in which the court dismissed the motions because, unlike here, the parties did not comply with substantive requirement of Local Rule 7-3.  Specifically, in *Valdovinos v. County of Los Angeles*, No. 06-cv-7580-JVS, 2008 WL 2872648, at *2 (C.D. Cal. July 23, 2008); *Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc.*, No.09-cv-2140-PSG, 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009) the motions were filed before counsel had an opportunity to meet and confer. In *Neung Kang v. PB Fastners*, 268 F. Appx. 545, 548 (9th Cir 2008) the court upheld striking a motion to amend complaint based on failure to comply with Local Rule 7-3 and also that motion was untimely and filed with undue delay.  As such, the case at bar is unlike the cases cited by Defendants.

Plaintiffs' counsel admits and apologizes to this court for failing to comply with the timeline set forth in Local Rule 7-3 by meeting and conferring with Defendants 3 days before filing instead of the requisite 5 or 10 days.  However, Plaintiffs did comply with the substance of the rule in that Plaintiffs' counsel thoroughly discussed the basis for this motion with Defendants' counsel. Also, while a district court has discretion to dismiss a motion for failure to comply with its local rules, factors such as the public's interest in expeditious resolution of litigation; the court's need to manage its docket and the public policy favoring disposition of cases of their merit weigh in favor of deciding this motion on the merits. *Ghazali v Moran* 46 F. 3d. 52, 54 (9th Cir. 1995). Therefore, Plaintiffs respectfully request that this court not dismiss the instant motion.

**B**.    **The Legal Certainty Standard Applies**

- 5 -

1    In *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir.

2    2007), the Ninth Circuit held that "in the CAFA context when a complaint

3    affirmatively alleges less than the jurisdictional threshold, the party seeking

4    removal must prove with legal certainty that CAFA's jurisdictional amount is

5    met."  When a plaintiff does not specify an amount of damages, the removing

6    defendant must prove by a preponderance of the evidence that the damages

7    claimed exceed $ 5 million. *Abrego Abrego v. Dow Chemical Co*., 443 F.3d 676,

8    683 (9th Cir.2006) Specifically, the Ninth Circuit held "we have reserved the

9    preponderance of the evidence standard for situations where a plaintiff ' seeks no

10   specific amount of damages.'" *Lowdermilk* 497 F. 3d at 998 *(citing*  Abrego

11   Abrego 443d F3d at 688).

12    Here, Plaintiffs allege that the aggregate total amount of damages which

13   Defendants have caused to all class members, exclusive of interest and costs, does

14   not exceed $ 5 million. (Complaint ¶ 6) It is well established that a plaintiff may

15   sue for less than he is entitled to in order to avoid federal jurisdiction and remain

16   in state court. *Lowdermilk* 479 F.3d at 998-999. Plaintiffs' intent is to remain in

17   state court and therefore alleged the total amount of damages caused by

18   Defendants to be less than the CAFA jurisdictional threshold amount. Therefore,

19   in order to substantiate removal of this case from state court, Defendants have the

20   burden of proving with legal certainty that the amount in controversy exceeds $ 5

21   million dollars. *Lowdermilk* 479 F.3d at 1000.

22    In their Opposition, Defendants argue to the contrary that the legal certainty

23   standard is inapplicable because the prayer of the SAC asks for attorneys fees and

24   penalties which they contend renders the amount in controversy unclear and as

25   such, the preponderance of the evidence standard should be applied.  In support of

26   its position, Defendants cite to *Guglielmo v. McKee Foods Corp*., 506 F. 3d 696,

27   700 (9th Cir. 2007).  In *Guglielmo*, the court held that the preponderance of the

28

- 6 -

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

evidence applied because in their prayer for relief, plaintiffs sought additional statutory and common law damages, injunctive relief, punitive and exemplary damages, accounting of other moneys due plaintiff, attorneys fees, payment of back taxes and benefits. *Id.* at 701 Thus, the court ruled that amount in controversy was unclear. *Id.*

Unlike the case at bar, *Guglielmo* did not involve CAFA as plaintiffs there alleged only that the sum of damages and injunctive relief sought by each plaintiff was less than $ 75,000 amount in controversy requirement under 28 USC § 1332. *Id* Arguably, the difference between the instant case and *Lowdermilk* is that in the latter the allegations regarding jurisdictional were couched in terms using the verbiage "total claims are less than $ 5 million." Other cases have used "maximum potential recovery is less than $ 5 million." See e.g. *Campbell v. Vitran Express, Inc*. CV-10-0442-RGK (SHx) WL 4971944 at *2(C.D. Cal. August 16, 2010. Here, plaintiffs allege "total aggregate damages... does not exceed $ 5 million." Nevertheless, Plaintiffs contend that the wording is functionally the same. Here, as in *Lowdermilk*, the Plaintiffs have affirmatively alleged less than the CAFA jurisdictional threshold (i.e. "over $5 million") in the SAC and thus Defendants must prove with legal certainty that CAFA's jurisdictional amount is met. *Guglielmo* 506 F. 3d at 699 (quoting *Lowdermilk* 479 F.3d at 1000)

Nonetheless, even if this court finds that the legal certainty standard does not apply, this case should still be remanded back to state court because, as discussed in more detail below, Defendants also fail to establish the CAFA jurisdictional amount under the less stringent preponderance of the evidence standard.

C    **Defendants Have Not Established By A Preponderance Of The Evidence Or With Legal Certainty That The Jurisdictional Amount Is Met**

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1    Under the preponderance of the evidence standard, defendant must provide
2    evidence establishing that it is more likely than not the amount in controversy
3    exceeds the jurisdictional threshold amount. *Sanchez v Monumental Life*
4    *Insurance Co.*,102 F. 2d. 398, 404 (9th Cir. 1996).  The removing defendant
5    cannot speculate but must provide facts which support its contention that the
6    amount in controversy is in excess of $5 million. *Korn v Polo Ralph Lauren Corp.*
7    (E.D. Cal. 2008) 536 F. Supp. 1199, 1205.   In order to meet this burden, a
8    defendant must allege facts in its removal petition and the court may require
9    summary judgment type evidence showing that it is more than a mere possibility
10   that the amount in controversy meets the jurisdictional limit. See e.g. *Valdez v*
11   *Allstate Ins. Co.*, 372 F.3d.1115, 1117 (9th Cir. 2004) (noting that the Ninth Circuit
12   endorses the practice of considering facts in the removal petition as well as any
13   summary judgment type evidence relevant to the amount in controversy.)

14       Here, Defendants do not prove by a preponderance of the evidence that the
15   amount in controversy exceeds $ 5 million. In calculating the jurisdictional
16   threshold amount, Defendants assume certain variables such as overtime, rest and
17   meal break violations, wage statement violations and waiting time penalties.  The
18   variables used by Defendants are neither clearly stated in the complaint nor
19   supported by any factual evidence.  Simply put, the variables Defendants use to
20   calculate their estimates of the penalties and premium wages damages set forth in
21   their Notice of Removal and Opposition are either improper and/or  based on
22   speculation and assumptions.

23       When a plaintiff brings an action in state court there is a presumption
24   against removal and "all doubts and ambiguities are resolved against removal and
25   in favor of remand." *Gaus v Miles*, 980 F. 2d 564, 566 (9th Cir. 1992). ; *Hunter v*
26   *Phillip Morris, USA* 582 F. 3d 1039, 1042 (9th Cir. 2009) ; *Levine v. Big USA*

- 8 -

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

*Inc.,* WL 2406807 at *2 (S.D. Cal. August 20, 2007) Therefore, the doubts and ambiguities intrinsic in the calculations of the jurisdictional amount in controversy proffered by Defendants must be resolved in favor of remand.

1.  **Defendant's Calculations of Maximum Statutory Penalties Under Labor Code Sections 203 and 226 Are Based On Unsupported Assumptions**

Case law supports Plaintiffs' contention that Defendants improperly base their statutory calculations for penalties on an assumption that the class members will recover the statutory maximum.   Applying the preponderance of the evidence standard, the Central District has ruled that in the absence of allegations in the complaint that every class member is entitled to civil penalties to the maximum amount available under the Labor Code, the removing defendant cannot maximize statutory penalties to arrive at an amount in controversy without evidence supporting specific violations.  *Dupre v General Motors* (C.D. Cal. August 27, 2010) No. . CV-10-00955-RGK EX, 2010 WL344 7082 at *4. This is exactly what Defendants herein have done in arriving at their calculations for Lab. Code §§226 and 203 penalties.

a. <u>**Waiting Time Penalties**</u>

For instance, the complaint at issue alleges that Plaintiff Jiminez and "certain class members" are entitled to 30 days wages as a penalty under Lab. Code § 203 for failure to pay legal wages." (Complaint ¶ 62)  In *Pereira v. Gate Gourmet, Inc*. CV 08-07469 WL 1212802 at *3 (C.D. Cal. April 30, 2009) the Central District, also applying the preponderance of the evidence standard, held that  Cal. Lab. Code §203 establishes a statutory maximum time period over which penalties can accrue; the specific amount of such penalties is dependent on each class member's wage and the number of days the defendant delayed in making the payment due. In *Campbell, supra,* WL 4971944 at *3,  as in the case at bar, the

- 9 -

complaint merely alleged that defendant regularly and consistently failed to pay plaintiff and class members all wages owed to them upon discharge or resignation. Although the decision was rendered under the legal certainty standard,  the *Campbell* court noting the differences in the applicable standards, agreed with the reasoning of *Pereira* with respect to calculating waiting time penalties under Lab Code §203.

Further, in *Martinez v Morgan Stanley & Co.*, 09CV 2937 L(JMA) 2010 WL 3123175 at  *6 (S.D. Cal. Aug. 9, 2010), the court, applying the preponderance of evidence standard,  held that defendants' calculations of estimated Lab. Code 203 penalties assumed no terminated [employee] was paid immediately and that each waited at least 30 days. Without evidence supporting the duration of any alleged violations or specific numbers for these variables, the court has no basis for considering the maximum civil penalties to establish the requisite amount in controversy.   *Id.*  Thus*, Pereira, Campbell and Martinez* cases are persuasive in support of  Plaintiffs' contention that, aside from unsupported assumptions,  Defendants do not provide sufficient facts to support a Lab. Code §203 calculation based on the maximum 30 days for a total of $ 1,963,936.80 (650 former employees x $12.57 per hour x 8 hours per day x 30 days. ( Notice of Removal p.4: 7-20).

### b.    Wage Statement Penalties

Also, in the Notice of Removal, Defendants calculates the maximum $4000 penalty or each employee in arriving at the purported total of $1,620,000 for the wage statement penalties under Lab. Code §226.  In calculating the potential Lab. Code §226 penalties, Defendants assume a 100% violation rate or, in other words, that Defendants provided 405 employees inaccurate wage statements for every pay period during a one year limitations period.  However, neither the allegations in the complaint nor any facts provided by Defendants in their Removal Notice

- 10 -

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

suggests that wage statements were inaccurate for every pay period.  As such, Defendants do not provide any evidence which would permit the court to draw such an inference under the preponderance of the evidence standard, much less under the legal certainty test. Defendant's calculation of  $ 1,620,000 is based on nothing more than speculation and conjecture.

Moreover, the case cited by Defendants in support of their calculation actually does more to further Plaintiffs' position. Defendants cite to *Johnson v U.S. Vision, Inc.* WL 674750 (9th Cir. February 24, 2011) to demonstrate that the use of maximum penalties passes muster under the "legal certainty" test. However, in *Johnson*, the court held that defendants 'assumption that all class members would be entitled to maximum damages under California law without providing o evidence to support their assumptions was in violation of *Lowdermilk,* and thus defendants did not carry their burden to demonstrate the amount in controversy under the legal certainty test.  *Johnson* WL 674750 at *1.

In *Dupre, Cambpell*  and *Periera* cases, the Central District of California concluded the calculation of  Lab. Code §§203 and 226  penalties are heavily dependent on the number of days Defendant withheld wages or wage statements and the  actual missed meal or rest breaks.  *Dupre* WL 3447082 at *4; *Pereira* WL 1212802 at *3; *Campbell* WL 4971944at * 3.  As such, without evidence supporting the specific numbers for these variables, the court has no basis for considering the maximum civil penalties to establish the requisite amount in controversy. Therefore, Defendants fail to meet either the preponderance of the evidence or legal certainty standard in proving their calculations for waiting time penalties and wage statement penalties.

**2.    Defendants'  Calculations Of Rest, Meal and Overtime Claims Are Based On Speculative Variables Unsupported By Allegations In The Complaint Or By Evidence**

- 11 -

Defendants' calculation for potential class damages for unpaid  overtime, missed meal and rest period as set forth in their Notice of Removal are also based on speculative assumptions which are unsupported by the record.

### a. <u>Rest and Meal Period Claims</u>

In *Alvarez v. Limited Express, Ltd*.  07CV1051 IEG (NLS)WL 2317125 (S.D. Cal.  Aug. 8, 2007) the court held that defendant failed to establish by preponderance of evidence the minimum jurisdictional amount under CAFA because it did provide "summary judgment type evidence" regarding the average time worked  during the liability period. Therefore, the *Alvarez* court held that it could not determine damages under Cal. Lab. Code 226.7 for missed meal and rest breaks and penalties under Cal. Lab. Code 2699 in order to determine whether the amount in controversy exceeded $5million. *Id*.

Like *Alvarez,* Defendant has information available to it regarding hours worked by its employees, random samplings of wage statements and time records, its policies and procedures which it can also utilize in its calculations instead of unsupported assumptions regarding rest and meal breaks and hours worked. The complaint at issue does not quantify the number of rest and meal periods that Defendants failed to provide Plaintiff or class members.  In their Notice of Removal, Defendants do not provide sufficient justification for their assumption that class members were denied one rest and meal break per day for each of the 5 days of a work week other than to contend that given the allegations in the complaint that plaintiff and class members were "regularly required" to work without being provided the rest and meal breaks.  However, these allegations, without more, do not provide a basis upon which to conclude that class members were denied one rest and meal break per day, 5 days a week for the entire class period.  In other words, Defendants have not proffered any evidence in their Removal Notice that it is more likely than not that these class members missed one

- 12 -

rest and one meal break per day versus once a week or once every two weeks, three weeks or for that matter, once a month.  Equally valid assumptions could be made that the violations are less.

Further, contrary to Defendants' contentions, their meal and rest break claim calculations also do not pass muster under the legal certainty standard. In *Campbell* , *supra,* WL 4971944 at *3 ,  the removing defendants calculated meal and rest break violations exactly as Defendants have done here, basing it on one missed rest break and one missed meal period (2 breaks per day) 5 times per week during each of the work weeks of the class period. The *Campbell* court held, "Defendant assumes without evidence that each class member missed one meal period and one rest period five times per week during each of their pay periods. There is simply no evidence to support this assumption."  The Central District further held that "under the legal certainty standard, this type of calculation devoid of any concrete evidence is 'insufficient.'  *Campbell* WL 4971944 at *3.  See also *Green v Staples Contract and Commercial, Inc*. WL 5246051 (C.D. Cal 2008) (removing defendant did not provide evidence indicating how many rest and meal periods the class members missed). As such, Defendants' contention that they have provided sufficient facts to establish jurisdiction under the legal certainty standard is unsubstantiated.

Moreover, Defendants do not provide sufficient facts to substantiate their rest and meal break calculations under the preponderance of the evidence standard.  In *Martinez,* 2010 WL 3123175,  defendant set forth jurisdictional calculation of amount in controversy based on its assumption that putative class members missed three rest or meal periods per week which was based on plaintiff's allegation that she and class members frequently missed meal and rest periods.  The *Martinez* court held that, under the preponderance of the evidence

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1    standard, the removing defendant's assumptions were unsupported by the

2    allegations in the complaint or by evidence. *Id*. at *6.

3         In this case, Defendants are doing the same with the exception that, unlike

4    the Martinez defendant who based calculations on a more conservative estimate of

5    3  missed rest or meal periods **per week**, Defendants are basing their calculations

6    on assumptions of 100% violation (i.e. one rest and meal period **per day** 5 times a

7    week for each week during class period). As such, Defendants' rest and meal

8    break claim calculation of  $ 9, 555, 965.40  is unsupported by any facts in the

9    Complaint or the record and does not pass muster under the preponderance of the

10   evidence standard.  Under the preponderance of the evidence standard, a defendant

11   "must show more than a mere possibility that the jurisdictional amount is satisfied

12   to survive a motion to remand." See, e.g. *Law Offices of Matthew Higbee v*

13   *Expungement Assistance Servs.*, WL2984048 *2 (C.D. Cal. Sept.14, 2009)  Here,

14   Defendants' calculations are based on nothing more than a "mere possibility" and

15   thus do not fulfill the requisite standard.

16        **b. Overtime Claim Calculation**

17        In support of  their Notice of Removal, Defendants proffered calculation of

18   $ 417, 046 of  unpaid overtime is also nothing more than conjecture.  Here again,

19   neither  the Complaint nor the record suggest let alone support Defendants'

20   calculation.  Specifically, Defendants provide sworn declaration stating that

21   payroll records show that class members worked at least 66, 306 overtime hours

22   during the class period.  Defendants then multiply this total of overtime hours by a

23   half time premium based on speculative assumption that none of the putative class

24   members who worked overtime were properly compensated overtime pay.

25        Defendants have access to information from which they can provide reliable

26   calculations in support of their removal notice  to show, under the preponderance

27   of the evidence standard, that it is more likely than not, that the unpaid overtime

28

- 14 -

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

hours calculation is correct. *Alvarez , supra,* WL 2317125 . For instance, the payroll source from which they supposedly obtained the total overtime hours worked by putative class members can also assuredly provide information regarding whether and to what extent Defendants properly compensated these overtime hours worked. Instead, Defendants have chosen to rely on a complete hypothetical situation which assumes that none of the overtime hours worked by the class members were properly compensated; this assumption is neither supported by the Complaint's allegations or the record. The fact that Defendants do not offer such evidence despite it being accessible, suggests that it might not support jurisdiction.  At a minimum, these calculations do not represent a good faith estimate.

In sum, Defendants' proffered calculations as to the frequency of missed rest and meal breaks and unpaid overtime  are based on nothing more than speculation. At best, Defendant's Removal Notice provides only negligible evidence to support Defendants' allegations of original jurisdiction and thus fails to satisfy their evidentiary burden under any standard.

### 3.    Defendants' Attorney Fees Calculation Is Unsubstantiated

Finally, Defendants argue that attorney fees calculation should be included in determining CAFA jurisdictional amount. Defendants argue that in California prevailing class action plaintiffs are awarded 25% of the overall recovery. In their Opposition, they cite to three cases which are common fund settlement cases where the court awarded a percentage of recovery as attorney fees. *Vizcaino v. Microsoft Corp*., 290 F.3d 1043 (9th Cir 2002); *Six (6) Mexican Workers v. Arizona Citrus Grower*s ,904 F.2d 1301 (9th Cir 1990); *Paul, Johnson, Alston & Hunt v. Graulty* 886 F.2d 268 (9th Cir 1989). Defendants also cite to *Galt G/S v JSS Scandinavia* 142 F.3d 1150 (9th Cir. 1998) where  the precise amount of attorneys fees was already known when added as part of the aggregate total of

- 15 -

amount in controversy. As such, these cases are distinguishable and do not support

Defendants' attorney fee calculation based on 25% of the total purported recovery

of $3,389,237.  Further, as already discussed herein, the amounts Defendants have

calculated as to each claim and thus total amount of potential recovery are

unsubstantiated. In sum, Defendants do not provide any evidentiary support for

their calculation of potential attorney fees.

> **D.    California District Courts Disagree As To Whether
> Defendant May Assume Certain Variables In The Calculation of
> The Amount In Controversy**

Plaintiffs concede that district courts disagree as to whether defendants may

assume certain variables such as missed rest and meal breaks, average hours of

overtime worked per week or the maximum penalty rate in calculating the amount

in controversy.  For every case cited by Defendants in support of their position,

Plaintiffs cite to cases in which California district courts have dismissed, as

speculation and conjecture, calculations based on variables not clearly suggested

in the pleading filed in state court or supported by evidence.  *See, e.g., Smith v*

*Brinker Intern,Inc.* C10-0213 VRW WL 1838726  (N.D.Cal. May 5, 2010) (court

ruled that defendant failed to provide any evidence relating to either plaintiff's

actual earnings or numbers of hours worked and rejected defendant's calculations

based on assumptions that each plaintiff worked 2.5 hours each week in order

reach the amount in controversy threshold);  *Martinez*  2010 WL 3123175 at *6

(court rejected calculations of meal/rest period violations waiting time penalties

and wage statement penalties because the variables used were not clearly

suggested by the complaint or supported by evidence).; *Dupre v. Gen. Motors*, WL

3447082 at * 3-4(court rejected defendant's calculations for penalties based on

defendant's assumption, without presenting factual evidence, that each employee

worked 200 days per year and missed one meal break per day); *Alvarez* WL

- 16 -

2317125 at *4.(court found defendant's calculations in support of the CAFA jurisdictional to be speculative and insufficient because defendant it did provide "summary judgment type evidence" regarding the class size average time worked by putative class members during the liability period).

Allowing defendant to use calculations of wage hour claims based on assumed variables and 100 % violation rate and maximum penalties improperly shifts the burden to plaintiffs to refute speculative assertions of jurisdiction and establish that there  is no jurisdiction.  *See, e.g., Abrego* 443 F.3d at 684.   It is well-established that speculation and conclusory arguments such as those proffered by Defendants in support of their Removal Notice are insufficient to carry the preponderance of the evidence burden for the amount in controversy. *Dupre* WL 3447082 at *4 (citing *Lowdermilk* , 479 F.3d 994 at 1002. "A court cannot base [its] jurisdiction on a[d]efendant's speculation and conjecture." *Id*. Rather, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.  *Gaus* 980 F. 2d at 567.

Inasmuch as the removal statutes are construed restrictively, and any doubts as to the right of removal are resolved in favor of remanding the case to state court. *Gaus*, 980 F. 2d at 566 . In sum, the calculations set forth by Defendants in their Notice of Removal are not sufficient to obviate any doubt regarding removal under either the preponderance of the evidence or the more stringent legal certainty standard.  Therefore this action should be remanded back to state court.

## III.   **CONCLUSION**

In view of the foregoing, Plaintiffs respectfully submit that the Central District of California is without subject matter jurisdiction to adjudicate Plaintiffs' class action claims against Defendants Roadlink Pacific, Roadlink National and RWS.  Plaintiffs ask the Court to grant their Motion to Remand and

- 17 -

1    return this matter to the originally filed forum in the Superior Court of California,

2    County of Orange.

3

4    Dated:   May 2, 2011            **JAMES HAWKINS, APLC**

5

6                               */S/ Isandra Fernandez*

7                               James R. Hawkins, Esq.

8                               Isandra Fernandez, Esq.
                                 Attorneys for Plaintiffs, Donald Garcia and

9                               Jesus Jimenez on behalf of themselves and
                                all others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1
2

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

3
4
5
6

I certify that all counsel of record who are registered with the Court's ECF system are being served on May 2, 2011, with a copy of this document via the Court's CM/ECF system.

7

*/s/ Isandra Fernandez*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND