UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

O
JS - 6

Case No. SACV 11-0445 DOC (AJWx)                                    Date: June 7, 2011

Title: DONALD GARCIA, ET AL. v. ROADLINK USA PACIFIC, LLC, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                   NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Before the Court is Plaintiffs Motion to Remand to Superior Court of California, County of Orange, Pursuant to U.S.C. 1447. After considering the moving, opposing, and replying papers, as well as oral argument, the Court GRANTS the Motion.

**I.      Background**

The facts as alleged by Plaintiffs are as follows: Donald Garcia ("Garcia") and Jesus Jimenez ("Jimenez") (collectively "Plaintiffs") filed this class action on behalf of themselves and others who worked as lumpers, unloaders, and similar positions for Defendants Roadlink USA Pacific, LLC; Roadlink USA National, LLC; and Roadlink Workforce Solutions, LLC ("Defendants"). Complaint, ¶ 8. Defendants provide freight transportation and cargo services throughout California and the United States. *Id.* at ¶ 12. Garcia was employed by Defendants in May 2005 in La Habra, CA. *Id.* Jimenez was employed by Defendant in October 2004. *Id.* at ¶ 9. Plaintiffs claim that there are over one-hundred individuals similarly situated. *Id.* at ¶ 20.

Plaintiffs claim they worked in excess of eight hours a day without the requisite compensation of time and one-half of their regular rate of pay. *Id.* at ¶ 10(a). They also assert that they were paid less than legal minimum wage and reported to work but were furnished with no work and not compensated for reporting time pay. *Id.* at ¶ 10(b-c). Further, Plaintiffs allege they worked in excess of five hours and/or ten hour per day without being provided a minimum thirty minutes first and/or second

meal period and were not compensated one hour of pay at their regular rate of compensation for each workday that a meal period was not provided. Plaintiffs aver that this violated California labor laws, regulations and Industrial Welfare Commission Wage Orders (IWC). *Id.* at ¶ 10(d). Plaintiffs assert that they worked without being permitted a minimum ten-minute rest period every four hours and not compensated one hour of pay for each workday that a rest period was not provided. *Id.* at ¶ 10(e). Plaintiffs also claim Defendant did not provide a uniform of distinctive color and/or style, which was a condition of employment. *Id.* at ¶ 10(f). Finally, Plaintiffs claim Defendants knowingly and intentionally failed to comply with Labor Codes 226(a)'s requirement that they provide wage statements to Plaintiffs. *Id.* at ¶ 65.

Plaintiffs filed their Complaint in Orange County Superior Court on January 31, 2011 and Defendants timely removed on March 18, 2011 alleging diversity jurisdiction. (Dkt. 1.) Plaintiffs' Motion seeks to have the case remanded to state court for want of federal jurisdiction, as they insist that their Complaint alleged an amount in controversy less than five-million dollars.

### II. Legal Standard

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. 1447(c). Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. 1441. The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction over any civil action in which (a) the amount in controversy exceeds five-million dollars exclusive of interest and costs, (b) a class action is being asserted on behalf of 100 or more members, and (c) in which any member of the purported plaintiff class is a citizen of a state different from any defendant. See 18 U.S.C. 1332(d)(2)(A), 1453(a), and 1453(b). The point of contention between the parties in this case centers on whether the amount in controversy exceeds five-million dollars.

### III. Discussion

#### A. Appropriate Standard

Before determining whether Defendants have met their burden of demonstrating that removal was proper, it is necessary to determine what standard applies. The Ninth Circuit applies one of three standards to motions to remand, depending on the details of a plaintiff's complaint. The easiest cases are where a plaintiff has alleged specific damages exceeding the jurisdictional minimum. In those cases, the defendant can easily point to the complaint to show to a legal certainty that the amount in controversy triggers federal jurisdiction. *Lowdermilk v.United States Bank Nat'l Assn.*, 479 F.3d 994,

998 (9th Cir. 2007). Alternatively, if a complaint in good faith alleges specific damages less than the federal amount in controversy, then a defendant must prove that the amount in controversy exceeds the jurisdictional minimum by a legal certainty in order to demonstrate federal jurisdiction. *Lowdermilk*, 479 F.3d at 999. Finally, the preponderance of the evidence standard applies "[w]here the complaint does not specify the amount of damages sought." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006). The preponderance of the evidence standard requires defendant to provide evidence that it is more likely than not that the amount in controversy is greater than the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 2007).

The parties disagree about which burden of proof Defendants must bear in attempting to prove that the amount in controversy exceeds five-million dollars. Plaintiffs contend that Defendants must prove the required jurisdictional amount to a legal certainty, as their class action Complaint specified that "the aggregate total of the damages alleged herein which Defendants have caused to all class members, exclusive of interests and costs, does not exceed five-million dollars." Complaint, ¶ 6. Defendants, however, insist that they must only meet the preponderance of the evidence standard, as Plaintiffs failed to allege that the total amount including attorneys fees and costs would not exceed five-million dollars, but only that the *damages* would not exceed that threshold amount.

The Ninth Circuit has generally applied the preponderance of evidence standard in situations where a plaintiff seeks no specific amount in damages, and a court is forced to look beyond the complaint to determine whether the suit meets the jurisdictional requirements. *Lowdermilk*, 478 F.3d at 498 (quoting *Abrego Abrego*, 443 F.3d at 688)). Nonetheless, in *Guglielmino v. McKee Foods Corp.*, the Ninth Circuit deemed a complaint ambiguous as to whether federal non-CAFA jurisdiction was appropriate when the complaint alleged that damages and injunctive relief were less than $75,000 but plaintiff sought, *inter alia*, additional statutory and common law damages, punitive damages, exemplary damages, accounting of money due to plaintiffs, injunctive relief, pre-judgment interest, and attorneys fees. 506 F.3d 696, 700 (9th Cir. 2007). As a result of the complaint's unclear amount in controversy, the Court applied the preponderance of the evidence standard. Distinguishing the *Lowdermilk* majority's finding that the aggregate amount alleged included attorneys fees, the Court noted that the complaint at issue in *Guglielmino* only referenced a dollar amount at issue for damages and injunctive relief, which did not include many of the other prayers for relief sought in that complaint. *See Guglielmino*, 506 F.3d at 700 n.3.

Defendants argue that *Guglielmino* mandates an application of the preponderance of the evidence standard here, where Plaintiffs have alleged that the amount of damages were less than five-million dollars. *See* Complaint, ¶ 6 ("[T]he aggregate total of the damages alleged herein which Defendants have caused to all class members, exclusive of interests and costs, does not exceed five-million dollars."). They also point to the fact that the Court in *Guglielmino* emphasized that "the complaint's Prayer for Relief made no mention . . . of a total dollar amount in controversy, thereby muddling the Complaints earlier allegation that the amount of damages sought were less than the minimum needed for federal jurisdiction." 506 F.3d at 701. Likewise, Plaintiff's Complaint's Prayer

for Relief fails to articulate any monetary amount sought. *See* Complaint, Prayer. However, "*Guglielmino* does not stand for the proposition that a disclaimer to be effective must appear in the prayer for relief." *Collins v. Guitar Center, Inc.*, 2010 WL 2682760 (S.D. Cal. 2010). Instead, in *Guglielmino* the Court simply found the amount in controversy ambiguous when the plaintiff alleged only that "the sum of such damages and the value of injunctive relief sought by plaintiff" was less than the jurisdictional minimum and did not include a total amount in the Prayer for Relief, even though he was seeking other forms of relief, including attorneys fees and back payments of health benefits and taxes.

This case more closely resembles the facts of *Lowdermilk* than *Guglielmino*. Unlike in *Guglielmino*, the only other amounts in controversy other than damages are attorneys fees; the ambiguity the Court referenced in *Guglielmino* stemmed from the laundry list of additional forms of relief sought which were clearly not included in the total damages alleged. By contrast, the structure of the Complaint at issue here indicates that Plaintiffs' allegation that the aggregate damages did not exceed five-million dollars was intended to include the request for attorneys fees. Indeed, the statement about the total amount of damages falls at the last paragraph of the introduction, and immediately follows a listing of Plaintiffs requests for damages and attorney fees. Its final placement in the section, coupled with the preface "the damages as alleged herein," indicate that Plaintiffs intended to express that all claims as alleged immediately above would total less than five-million dollars. Furthermore, as Plaintiffs' counsel noted in oral arguments, unlike in *Guglielmino*, Plaintiffs here have alleged specifically that the aggregate total amount, exclusive of interests and costs–which are excluded from jurisdictional thresholds–is less than five-million dollars. In other words, Plaintiffs' language specified that they were *only* excluding interests and costs from their amount alleged. Finally, and most importantly, the Court in *Guglielmino* did not face a CAFA claim; indeed, the Court explicitly noted that its holding was limited to non-CAFA cases, given the fact that "CAFA does not allow some of the pleading games-manship that can occur in non-CAFA cases, where removal is limited to one year of the complaints filing." *Guglielmino*, 506 F.3d at 700 n.3.[1] Thus, the *Guglielmino* Court concluded that "[w]hether CAFAs elimination of the closure period is a sufficient distinguishing characteristic of those causes of action to justify a different burden of proof, and whether *Lowdermilk* itself can be read so narrowly, are questions that we leave for another day and another court." *Id.*

In light of these distinctions between *Guglielmino* and Plaintiffs' Complaint, as well as the Court's read of the Complaint, the Court finds that Plaintiffs have alleged that the amount in controversy is less than five-million dollars, and that the legal certainty standard therefore applies.

### B. Application

Defendants argue that they can overcome even the legal certainty standard, as they insist that the amount in controversy will necessarily exceed five-million dollars. Using a series of

---

[1] Indeed, Defendants' counsel conceded this point at oral arguments.

calculations, they estimate that the amount in controversy is actually over sixteen-million dollars. *See Opp'n*. Though their calculations certainly suggest that it is possible that the amount in controversy is over five-million dollars, they have not come close to meeting the legal certainty standard.[2] Defendants reach their estimate by maximizing the Complaint's allegations and assume without any basis in the Complaint itself that every class member is entitled to maximum penalties.

The declarations upon which Defendants rely lack foundation and rely upon self-serving, inflated numbers that utterly fail to demonstrate that more than five-million dollars is at issue. Defendants cannot assume that every class member is seeking maximum penalties when Plaintiffs did not allege so. *See Dupre v. General Motors*, 2010 WL 3447082, *4 (C.D. Cal. 2010) (noting that even a preponderance of the evidence standard could not be met because "Defendant's calculations are based on many assumptions that leave the Court to speculate as to the value of too many variables" and that the Court "'cannot base our jurisdiction on Defendant's speculation and conjecture.'" (quoting *Lowdermilk*, 479 F.3d at 1002)). Defendants' "games-manship" cannot be used to form the basis of federal jurisdiction.

Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566; *see also* 28 U.S.C. 1447(c). Accordingly, given Defendants' failure to show with legal certainty that the amount in controversy exceeds five-million dollars, this case is remanded to superior court.

**IV. Disposition**

For the reasons stated above, the Court hereby GRANTS Plaintiffs' Motion to Remand. This case is hereby remanded to Orange County Superior Court.

The Clerk shall serve this minute order on all parties to the action.

---

[2] The Court does clarify though that it does not mean to suggest that Defendants could have met the preponderance of the evidence standard either.